UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ALAN TAYLOR,

        Plaintiff,                      Case No. 2:12-cv-133

v.                                        Honorable R. Allan Edgar

DANIEL HEYNS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Chippewa Correctional Facility but complains of events that occurred at the Alger Correctional Facility (LMF). In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Daniel Heyns and LMF Warden Catherine Bauman for violating his Eighth Amendment rights and Michigan law.

Plaintiff complains that he is being denied hygiene products as an indigent prisoner. While housed at LMF, Plaintiff worked in a couple different jobs. On August 29, 2011, Plaintiff, however, was terminated from his food service job for poor work performance. Because Plaintiff thought he would be out of work for awhile, he applied for indigent status with LMF Classification Director Nate Hoffman. On September 21, 2011, Hoffman denied Plaintiff's request under MDOC Policy Directive 04.02.120 ¶ B(4) (effective Jan. 1, 2007) because Plaintiff had been terminated from his food service job.[1] Hoffman informed Plaintiff that he would not be eligible for a job for at least a year.

On September 25, 2011, Plaintiff sent a memorandum to Classification Director Hoffman and a copy to Warden Bauman, providing that the prison is required to supply personal hygiene supplies. The next day, Hoffman denied Plaintiff's request for indigent status a second time.

On October 3, 2011, Plaintiff forwarded a memorandum to Assistant Deputy Warden of Housing and Programs Scott Sprader and copies to Classification Director Hoffman and

---

[1] MDOC Policy Directive 04.02.120 ¶ B(4) states that a prisoner is not eligible for indigent status when the prisoner is terminated form a work assignment for unsatisfactory performance.

Defendant Bauman, which requested hygiene items and first-class postage.[2] That same day, Hoffman denied indigent status to Plaintiff for a third time.

On October 6, 2011, Classification Director Hoffman reclassified Plaintiff to a job assignment. Hoffman apologized to Plaintiff for the denial of indigent status, but stated that he had to follow MDOC policy.

On October 30, 2011, Plaintiff mailed a "Request for Declaratory Ruling" to MDOC Director Heyns. (Compl., docket #1, Page ID#7.) Plaintiff also sent Defendant Bauman and Classification Director Hoffman a copy. The Office of Legal Affairs denied Plaintiff's "Request for Declaratory Ruling" on November 30, 2011. *Id.*

Because he was denied indigent status, Plaintiff claims that he did not have deodorant, soap, toothpaste, a toothbrush or a razor. He experienced sore gums, rotten teeth, body odor, embarrassment, humiliation, discrimination and pain and suffering. Plaintiff also could not buy metered envelopes to correspond with a friend outside of the prison.

For relief, he requests compensatory and punitive damages.

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

---

[2]The Court notes that Plaintiff did not list Sprader or Hoffman as Defendants.

1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff only names MDOC Director Heyns and Warden Bauman as Defendants in his complaint. Other than his claim that they failed to conduct an investigation in response to his memorandums and to his "Request for Declaratory Ruling," Plaintiff fails to make specific factual

allegations against MDOC Director Heyns and Warden Bauman. (Compl., docket #1, Page ID#7.) Plaintiff, however, provides detailed factual allegations against Classification Director Nate Hoffman for his involvement in the denial of Plaintiff's hygiene products. Because Hoffman is not listed as a Defendant in this action and Plaintiff cannot sue MDOC Director Heyns and Warden Bauman for their role as supervisors, the Court will dismiss Plaintiff's action. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Heyns and Bauman engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: 5/24/2012                         /s/ R. Allan Edgar
                                         R. Allan Edgar
                                         United States District Judge